IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01275-BNB

J M (MARIA J) FAY, also known as,
J M FAY, also known as,
J. M. Fay, also known as,
MARIA J. FAY,

       Plaintiff,

v.

CHIEF JUSTICE JOHN ROBERTS, JR.,

       Defendant.

---

## ORDER DISMISSING CASE AND IMPOSING SANCTIONS

---

Plaintiff, J M (Maria J) Fay, also known as J M Fay, J. M. Fay, and Maria J. Fay, resides in Denver.  She filed *pro se* a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3), and a Complaint (ECF No. 1) pursuant to the Americans with Disabilities Act (ADA) for injunctive and mandamus relief and money damages.

The Court must construe Ms. Fay's Complaint liberally because she is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his [or her] confusion of various legal theories, his [or her] poor syntax and sentence construction, or his [or her] unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court does not act as an advocate for a *pro se* litigant.  *See id*.  The Court may take judicial

notice of its own records and files that are part of the Court's public records.  *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).

Ms. Fay has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915.  Subsection (e)(2)(B) of § 1915 requires a court to dismiss sua sponte an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  For the reasons stated below, the Complaint and the action will be dismissed as legally frivolous and filing restrictions will be imposed against Ms. Fay for her repetitive and abusive filings.

On May 8, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 5) directing Ms. Fay to show cause within thirty days why the Complaint and action should not be dismissed as legally frivolous and filing restrictions should not be imposed against her for her repetitive and abusive filings.  The May 8 order warned Ms. Fay that an order enjoining her from filing future *pro se* pleadings and dismissing this action would be entered by the Court if she failed to show cause within the time allowed.  The copy of the May 8 order mailed to Ms. Fay was returned to the Court as undeliverable on May 20, 2014.  Ms. Fay has failed to show cause as directed within the time allowed or otherwise communicate with the Court in any way.

In the instant action, Ms. Fay is suing the Honorable John Roberts, Jr., Chief Justice of the United States, because she contends she cannot get cases filed or

papers served by the United States Marshals Service or service waived due to policies and judges in the federal district and bankruptcy courts in Denver.  She asks Chief Justice Roberts to remove and replace all policies that – and judges who –  discriminate against plaintiffs in Denver federal courts, especially plaintiffs who are low income, *pro se*, disabled, in jail, or any combination thereof.  She also complains about problems she has experienced for years in Arapahoe County with the Postal Service refusing to deliver her mail, and numerous other issues.  Plaintiff advises the Court that "due to the PO refusing to deliver the mail to the plaintiff; this court has only the ability to notify the plaintiff via email."  ECF No. 1 at 5.  However, Ms. Fay failed to identify any Local Rule of Practice or other authority for this Court to communicate with her via email, and the Court is not aware of any.  Therefore, the request to communicate with Ms. Fay by email was denied.

The ADA's applicability to the Complaint is not apparent.  Title II of the ADA, which prohibits discrimination based on disability in the availability of services, programs, or activities of a public entity, is not applicable to the federal government. *Cellular Phone Taskforce V. F.C.C.*, 217 F.3d 72, 73 (2d Cir. 2000); *see also* 42 U.S.C. § 12131(1) ("The term 'public entity' means . . .  any State or local government" or "any department, agency, special purpose district, or other instrumentality" thereof).   The ADA does not appear to be the proper jurisdictional basis for this lawsuit.  Rather, Plaintiff appears to be seeking relief in the nature of mandamus.

Pursuant to 28 U.S.C. § 1361, the district courts have original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.  The common-law

writ of mandamus, as codified in § 1361, is intended to provide a remedy for a plaintiff only if he or she has exhausted all other avenues of relief and only if the defendant owes him or her a clear nondiscretionary duty. *Heckler v. Ringer*, 466 U.S. 602, 616 (1984); *see also Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988) (mandamus will "issue only to compel the performance of a clear nondiscretionary duty.") "Mandamus is a drastic remedy, available only in extraordinary circumstances. Furthermore, the writ is not available when review by other means is possible." *W. Shoshone Bus. Council v. Babbitt*, 1 F.3d 1052, 1059 (10th Cir. 1993) (citations omitted). "To grant mandamus relief, the court must find (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and preemptory duty on the part of the defendant to do the action in question; and (3) no other adequate remedy is available." *Wilder v. Prokop*, 846 F.2d 613, 620 (10th Cir. 1988).

In the instant action, Ms. Fay has not presented the Court with an extraordinary situation mandating mandamus relief. She has no clear right to the relief sought, the named Defendant does not owe her a clear nondiscretionary duty, and she does not allege that no other adequate remedy is available. Therefore, the Complaint and the action will be dismissed pursuant to § 1915(e)(2)(B) as legally frivolous.

Ms. Fay is no stranger to this Court. She has initiated twenty-two civil actions in this Court since 1997, including the instant action, as follows:

1. *Fay v. Equal Emp't Opportunity Comm'n [EEOC]*, No. 97-cv-00819-ABJ (D. Colo. June 25, 1998), ADA lawsuit dismissed on motion to dismiss.

2. *Fay v. Denver Dist. Court*, No. 97-cv-00940-ABJ-BNB (D. Colo. June 25, 1998), ADA lawsuit dismissed without prejudice for failure to prosecute.

3. *Fay v. Denver Police Dep't,* No. 97-cv-01650- ABJ (D. Colo. Oct. 8, 1998), ADA lawsuit dismissed.

4

4.      *Fay v. Colo. Admin. Law Offices, Exec. Dep't*, No. 00-cv-01358-ZLW (D. Colo. June 13, 2001), ADA lawsuit dismissed without prejudice for failure to prosecute.

5.      *Fay v. U.S. Postal Serv.*, No. 00-cv-02323-REB-PAC (D. Colo. June 25, 2002), 42 U.S.C. § 1983 dismissed on motion to dismiss.

6.      *Fay v. United Parcel Serv.*, No. 01-cv-00251-ZLW-PAC (D. Colo. Sept. 4, 2001), EEOC lawsuit dismissed for failure to prosecute.

7.      *Fay v. United Parcel Serv.*, No. 02-cv-01245-ZLW-PAC (D. Colo. May 6, 2003), *appeal dismissed for lack of prosecution*, No. 03-1238 (10th Cir. Nov. 3, 2003).  ADA lawsuit dismissed for failure to comply with order to show cause.

8.      *Fay v. Denver Newspaper Agency*, No. 03-cv-01685-REB-BNB (D. Colo. July 16, 2004), ADA lawsuit dismissed for lack of prosecution.

9.      *Fay v. Hunter's Run Condominium Assoc.*, No. 03-cv-01686-REB-PAC (D. Colo. May 13, 2004), 28 U.S.C. § 1331 federal question lawsuit dismissed without prejudice.

10.     *Fay v. U.S. Dep't of Justice*, No. 04-cv-00952-ZLW (D. Colo. Sept. 21, 2004), ADA lawsuit dismissed without prejudice for Plaintiff's failure to prosecute.

11.     *Fay v. Dep't of Housing & Urban Dev.*, No. 04-cv-00953-ZLW (D. Colo. Sept. 21, 2004), ADA lawsuit dismissed without prejudice for failure to prosecute.

12.     *Fay v. Arapahoe Cnty.*, No. 06-cv-02592-WDM-MEH (D. Colo. Oct. 29, 2007), lawsuit pursuant to the ADA and possibly 42 U.S.C. § 1983 dismissed on motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

13.     *Fay v. Hunter's Run Condominium Assoc.*, No. 06-cv-02593-DME-MEH (D. Colo. June 25, 2007), ADA lawsuit dismissed without prejudice.

14.     *Fay v. Colorado*, No. 12-cv-03051-LTB (D. Colo. Jan. 22, 2013), ADA lawsuit dismissed without prejudice for failure to cure and to prosecute.

15.     *Fay v. Colorado*, No. 12-cv-03334-LTB (D. Colo. Feb. 7, 2013), ADA lawsuit dismissed without prejudice for failure to cure deficiencies.

16.     *Fay v. Colorado*, No. 13-cv-01164-LTB (D. Colo. June 13, 2013), ADA lawsuit dismissed without prejudice for failure to file an amended Complaint that complied with Fed. R. Civ. P. 8 and for failure to prosecute.

17.     *Fay v. Colorado*, No. 13-cv-01165-LTB (D. Colo. July 19, 2013), ADA lawsuit dismissed without prejudice for failure to file an amended Complaint that complied with Fed. R. Civ. P. 8 and for failure to prosecute.

18.     *Fay v. U.S. Dist. Court*, No. 13-cv-03115-LTB (D. Colo. Nov. 20, 2013), ADA lawsuit dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous and for seeking monetary relief against Defendants immune from such relief.

19.     *Fay v. U.S. Dist. Court*, No. 14-cv-01089-LTB (D. Colo. Apr. 18, 2014), ADA lawsuit dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous and for seeking monetary relief against Defendants immune from such relief. Plaintiff is warned the Court may impose appropriate sanctions if she persists in engaging in frivolous lawsuits against individuals and entities immune from suit.

20.     *Fay v. Colorado*, No. 14-cv-01090-LTB (D. Colo. Apr. 18, 2014 (D. Colo. Apr. 22, 2014), Voting Rights Act lawsuit dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.  Plaintiff is warned the Court may impose appropriate sanctions if she persists in engaging in frivolous lawsuits.

21.     *Fay v. U.S. Postal Serv.*, No. 14-cv-01093-LTB (D. Colo. Apr. 22, 2014), ADA lawsuit dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous. Plaintiff is warned the Court may impose appropriate sanctions if she persists in engaging in frivolous lawsuits.

22.     *Fay v. Roberts*, No. 14-cv-01275-BNB (D. Colo. filed May 6, 2014), pending ADA lawsuit.  Plaintiff is warned the Court may impose appropriate sanctions if she persists in engaging in frivolous lawsuits.

In nine of these actions, Ms. Fay failed to prosecute.  One of the nine actions also was dismissed for failure to cure.  In two of the nine actions, Ms. Fay was unable to file a complaint that complied with the pleading requirements of Fed. R. Civ. P. 8. Another action was dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  Four actions have been dismissed pursuant to 28 U.S.C. § 1915 as legally frivolous, two of which also were dismissed for seeking monetary relief against defendants immune from such relief.  In three of the actions dismissed as legally frivolous and again in the instant action, Ms. Fay was warned that the Court may impose appropriate sanctions if she persists in engaging in frivolous lawsuits.  In her

lawsuits, Ms. Fay has used several different names, each of which is listed in the caption to this order.

Despite the Court's repeated efforts to allow Ms. Fay to proceed *pro se*, she is unable to represent herself properly. Ms. Fay previously was warned that the Court has the power to enjoin litigants who abuse the judicial system. *See Tripati v. Beaman*, 878 F.2d 351 (10th Cir. 1989) (per curiam). The Court will not tolerate abuse of its limited judicial resources by *pro se* litigants.

"[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Id.* at 353 (citation omitted). "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007); *Tripati*, 878 F.2d at 351.

Specifically, injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *Id.*

Sanctions may be imposed under Fed. R. Civ. P. 11(c), even against a *pro se* plaintiff, if a pleading or other paper lacks "claims, defenses, and other legal contentions . . . warranted by existing law" and the "factual contentions" lack "evidentiary support." *See* Fed. R. Civ. P. 11(b) (imposing same standard on both attorneys and "unrepresented part[ies])." Rule 11 serves several purposes, including, but not limited

to, (1) deterring future litigation abuse; (2) punishing present litigation abuse; and (3) streamlining court dockets and facilitating case management. *White v. General Motors Corp., Inc.*, 908 F.2d 675, 683 (10th Cir. 1990) (citing American Bar Association, *Standards and Guidelines for Practice Under Rule 11 of the Federal Rules of Civil Procedure* (1988), *reprinted in,* 5 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* 212, 235-36 (Supp. 1989)). Deterrence is the primary goal of a sanction. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990).

In order to comply with Rule 11 and avoid sanctions thereunder, a *pro se* party's actions must be objectively reasonable. *White*, 908 F.2d at 683. A pattern of groundless and vexatious litigation will justify an order enjoining a litigant from filing any claims without first seeking prior leave of court. *See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992); *Winslow v. Romer*, 759 F. Supp. 670, 677-78 (D. Colo. 1991); *Colorado ex rel. Colo. Judicial Dep't v. Fleming*, 726 F. Supp. 1216, 1221 (D. Colo. 1989).

The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions and who generally abuses judicial process. *Phillips v. Carey,* 638 F.2d 207, 209 (10th Cir. 1981). These restrictions may be directed to provide limitations or conditions on the filing of future suits. *Id.* Injunctions restricting further filings are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *Tripati*, 878 F.2d at 353-54. Ms. Fay was provided with notice and the opportunity to oppose, in writing, the imposition of

future restrictions.  *See Tripati*, 878 F.2d at 354.

The Court has reviewed all the cases Ms. Fay has filed in this Court, and finds that Ms. Fay is not capable of proceeding *pro se* in litigation in this Court.  While this Court has an obligation to give *pro se* litigants wide latitude, *see Haines,* 404 U.S. at 519, the Court cannot accept the filing of repetitious, meritless lawsuits.  As noted above, Ms. Fay was given an opportunity to oppose imposition of filing restrictions before they may be implemented.  She was warned that if she failed to show good cause within the time allowed, the filing restrictions would be imposed.  Ms. Fay has failed to show cause as directed or otherwise communicate with the Court in any way.

The Court finds that Ms. Fay's abusive history of filing actions demonstrates that imposition of filing restrictions is appropriate.  The Court will prohibit Ms. Fay from filing new actions in the United States District Court for the District of Colorado without the representation of a licensed attorney admitted to practice in the United States District Court for the District of Colorado unless she obtains permission to proceed *pro se*.  In order to obtain permission to proceed *pro se*, Ms. Fay will be directed to take the following steps:

1.      File with the clerk of this Court a motion requesting leave to file a *pro se* action.

2.      Include in the motion requesting leave to file a *pro se* action the following information:

A.      A list of all lawsuits currently pending or filed previously in the District of Colorado, including the name, number, and citation, if applicable, of each case, and the current status or disposition of each case; and

B.      A statement of the legal issues to be raised in the proposed new pleading and whether she has raised the same issues in other proceedings in the District of Colorado.  If so, she must cite the

case number and docket number where the legal issues previously have been raised.

3.        Submit the proposed new pleading to be filed in the *pro se* action.

The motion requesting leave to file a *pro se* action and the proposed new pleading shall be submitted to the clerk of the Court, who shall forward them to the judicial officer designated by the Chief Judge pursuant to D.C.COLO.CivR 8.1(a) for review.  If the motion requesting leave to file a *pro se* action is denied, the matter will be dismissed.  If the motion requesting leave to file a *pro se* action is granted, the case will proceed in accordance with the Federal Rules of Civil Procedure and the Local Rules of Practice of the United States District Court for the District of Colorado-Civil.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Ms. Fay files a notice of appeal she also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Complaint (ECF No. 1) and action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.  It is

FURTHER ORDERED that Plaintiff, J M (Maria J) Fay, also known as J M Fay, J. M. Fay, and Maria J. Fay, is enjoined from filing any civil action in the United States District Court for the District of Colorado, in which she is the proponent of a claim, without representation of an attorney licensed to practice in the State of Colorado, unless she first obtains leave of Court by a judicial officer to proceed *pro se* in the action

10

as discussed in this order.  It is

　　　　FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.   It is

　　　　FURTHER ORDERED that any pending motions are denied as moot.

　　　　DATED at Denver, Colorado, this __17th__ day of ____June_____, 2014.

　　　　　　　　　　　　　　BY THE COURT:


　　　　　　　　　　　　　　___s/Lewis T. Babcock_____
　　　　　　　　　　　　　　LEWIS T. BABCOCK
　　　　　　　　　　　　　　Senior Judge, United States District Court